NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0762n.06

Case No. 11-2625

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Aug 16, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ANDREW SMITH, *et al.*, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THOMAS SPRADER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| COMPUTERTRAINING.COM, | ) | |
| INCORPORATED, et al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SALLIE MAE INC., | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE:  BATCHELDER, Chief Judge; GIBBONS, Circuit Judge; and ROSENTHAL, District Judge.[*]

**ALICE M. BATCHELDER, Chief Judge.**  The plaintiff-appellants in this action are former students of the now-defunct computer training school ComputerTraining.Com, Inc. (CTI).  They appeal the judgment of the district court that dismissed their complaint against defendant-appellee

---

[*]The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

Sallie Mae, the lender on their student loans, on the basis that the parties agreed to arbitrate any such claims. Finding the district court's opinion to be complete, thorough, and correct, we AFFIRM.

CTI ran computer training schools in which it certified its graduates as computer proficient and offered lifetime job placement assistance. Students paid between $13,000 and $28,000 in tuition. Many students obtained financial aid, in the form of student loans, from Sallie Mae.

Each borrower individually executed a promissory note. These notes contain three pertinent provisions: an FTC Holder Rule Clause, an Arbitration Agreement Clause, and a Severability Clause. Tracking 16 C.F.R. § 433.2, the FTC Holder Rule Clause says that the consumer (student) can assert any claim or defense against the creditor (Sallie Mae) that he would have against the seller (CTI). This is the basis for Sallie Mae's being a defendant in this case. The Arbitration Clause, almost two full pages of the nine-page note, says the parties will arbitrate claims and, correspondingly, waive the right to litigate claims in court. This is the subject of this appeal. And the Severability Clause says that if any provision is unenforceable it will be severed and the rest of the note will remain.

On December 31, 2009, CTI secretly closed, took the money the students had paid in tuition, and disappeared. Numerous students and former students,[1] many owing money to Sallie Mae on the notes, sued CTI and eventually obtained a default judgment. The students invoked the FTC Holder Rule Clause from the notes and added Sallie Mae as a defendant. In response, Sallie Mae invoked the Arbitration Clause from the notes to move the litigation to arbitration.

---

[1] The court eventually certified two classes — students and former students — but the same attorney represents them all here, making this a distinction without a difference at this point.

The notes contain a provision specifying the agreed-upon arbitrators (i.e., "Administrator") and, particularly, the default arbitrator:

> 'Administrator' means, as applicable, the American Arbitration Association [address], or the National Arbitration Forum [address], provided that the Administrator must not have in place a formal or informal policy that is inconsistent with and purports to override the terms of this Arbitration Agreement. The National Arbitration Forum will be the Administrator unless: (a) you and I agree otherwise; (b) I am the Claimant and I initiate an arbitration before the American Arbitration Association; or (c) I assert a Claim in court, you elect to arbitrate the Claim and I give you written notice that I am selecting the American Arbitration Association as Administrator within 20 days thereafter (or, if I dispute your right to require arbitration of my Claim, I select the American Arbitration Association as Administrator within 20 days after that dispute is finally resolved).

R. 35-2, Promissory Note, § XVII.3 (Definitions).[2] So, in this provision, Sallie Mae and the borrower each agreed to three basic things: (1) there are two eligible arbitrators, specifically named — the American Arbitration Association (AAA) and the National Arbitration Forum (NAF); (2) the NAF is the preferred arbitrator, so much preferred that the NAF is set out as the default arbitrator; and (3) the parties can opt out of that default selection in one of three ways, as detailed in clauses a, b, and c. None of those three clauses applies here: the parties have not mutually agreed to the AAA (clause a); the borrowers did not initiate arbitration (clause b); and after filing suit, the borrowers did not select the AAA in response to Sallie Mae's election to arbitrate, via written notice or otherwise (clause c). Under the plain terms, the NAF would be the arbitrator.

The dispute arises from circumstances having nothing to do with this lawsuit. Specifically, the NAF is no longer conducting arbitrations and is therefore unavailable. So, the question for the

---

[2] In this provision, "I" means the borrower (i.e., student) and "you" means the lender (i.e., Sallie Mae).

district court — and now before us on appeal — is, given the terms of the note, what does the NAF's unavailability mean? The district court severed the provision into two pieces, which it labeled the "definition of 'Administrator'" and the "forum selection clause":

> Definition of Administrator:
>
> 'Administrator' means, as applicable, the American Arbitration Association [address], or the National Arbitration Forum [address], provided that the Administrator must not have in place a formal or informal policy that is inconsistent with and purports to override the terms of this Arbitration Agreement.
>
> Forum Selection Clause:
>
> The National Arbitration Forum will be the Administrator unless: (a) you and I agree otherwise; (b) I am the Claimant and I initiate an arbitration before the [AAA]; or (c) I assert a Claim in court, you elect to arbitrate the Claim and I give you written notice that I am selecting the [AAA] . . . .

R. 49, p. 18-19 (district court opinion). The district court then found that the Forum Selection Clause could be excised, pursuant to the Severability Clause, leaving the rest enforceable:

> 'Administrator' means, as applicable, the American Arbitration Association [address], or the National Arbitration Forum [address], provided that the Administrator must not have in place a formal or informal policy that is inconsistent with and purports to override the terms of this Arbitration Agreement. ~~The National Arbitration Forum will be the Administrator unless: (a) you and I agree otherwise; (b) I am the Claimant and I initiate an arbitration before the American Arbitration Association; or (c) I assert a Claim in court, you elect to arbitrate the Claim and I give you written notice that I am selecting the American Arbitration Association as Administrator within 20 days thereafter (or, if I dispute your right to require arbitration of my Claim, I select the American Arbitration Association as Administrator within 20 days after that dispute is finally resolved).~~

R. 35-2, Promissory Note, § XVII.3 (Definitions) (strikeout added). This left the AAA as the arbitrator, so the court dismissed the complaint holding that arbitration is before the AAA.

We agree with the district court's analysis and conclusion. The so-called "Forum Selection Clause" is a default provision that presumes the NAF's availability — *the NAF "unless" a, b, or c* — so the opt-out clauses (a, b, and c) are meaningless without the NAF. But the "Definition of Administrator" portion remains valid despite the NAF's unavailability, because it is in the disjunctive — *the AAA "or" the NAF* — leaving the AAA as the arbitrator. Because the first of the parties' three basic agreements in that provision was that either the AAA or NAF would be eligible, this approach remains consistent with the parties' intent under the circumstances. *See Great Earth Cos. v. Simons*, 288 F.3d 878, 890-91 (6th Cir. 2002) (holding that when an agreement includes a severability provision, the intent of the parties and the policy in favor of arbitration dictate that the rest of agreement should be held enforceable); *see also Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 675 (6th Cir. 2003).

Based on the foregoing and the full analysis provided by the district court in its opinion in this case, we **AFFIRM** the judgment of the district court.

**JULIA SMITH GIBBONS, Circuit Judge, concurring.** I join Judge Rosenthal's concurring opinion because it represents a path to resolution of this case that avoids the difficulties of whether the severability clause may be used to require arbitration in front of a particular administrator if the parties clearly stated their intent not to arbitrate before that administrator in the absence of certain conditions.

**LEE. H. ROSENTHAL, District Judge, concurring**. I agree with much of the analysis set out in the district court and majority opinions and with the result reached. That result, arbitration before the AAA, achieves what the district court correctly identified as the parties' overriding intent to arbitrate. I concur to point out that Section 5 of the Federal Arbitration Act (FAA), 9 U.S.C. § 5, also permits the district court to compel arbitration before the AAA.

When the NAF became unavailable to serve as the default arbitrator, there were three ways under the Arbitration Clause for the AAA to take its place as administrator. As the district court and majority opinion recognize, none applies here: the parties did not agree to arbitrate before the AAA; the borrowers did not initiate arbitration before the AAA; and the borrowers did not sue and select the AAA in response to Sallie Mae's election to arbitrate. The conditions under which the AAA could be selected under the parties' Arbitration Agreement were not met.

In response to the NAF's unavailability and the failure of the conditions for selecting the AAA under the Arbitration Clause, Sallie Mae asked the district court to compel arbitration before the AAA. The district court did so, using the Severability Clause. The borrowers argue that this approach impermissibly uses the Severability Clause to rewrite the contract language stating that arbitration before the AAA cannot occur without the borrowers' consent. Section 5 of the FAA provides an alternative mechanism to reach the same result, while avoiding the issue the borrowers raise on appeal.

The combination of the NAF's unavailability as the default administrator and the borrowers' unwillingness to agree to arbitrate before the AAA presented the district court with a lapse in the parties' selection of an arbitrator under the Arbitration Clause. Section 5 is the FAA's mechanism

for filling such a lapse in the arbitrator when, as the district court correctly found, the parties' specified choice of arbitrator is not integral to their Arbitration Agreement.

Sallie Mae moved to require arbitration before the AAA. The analytical path for making and granting such a motion under Section 5 is somewhat different than using the Severability Clause, but the result is the same: the parties arbitrate before the AAA. This result achieves the parties' expressed intent, avoids the issues the borrowers assert on appeal about rewriting contract language, and prevents the unavailability of the NAF and the borrowers' unwillingness to select the AAA from defeating arbitration altogether.